## AMENDMENT #2 TO THE MASTER SERVICE AGREEMENT

This AMENDMENT #2 to the Master Service Agreement (this "Amendment") is made and entered into this 16th day of April 2020 and to be effective as of the 1st day of February 2020 ("Amendment Effective Date"), and amends the Master Service Agreement dated May 2, 2016 by and between **Seneca Resources Company, LLC f/k/a Seneca Resources Corporation** (hereinafter "Company") and **ChampionX LLC f/k/a Nalco Company LLC** (hereinafter "Contractor" and collectively with Company hereinafter as "the Parties").

### WITNESSETH:

WHEREAS, the Parties entered into that certain Master Service Agreement, with an Effective Date of May 2, 2016, including but not limited to all Amendments, Addendum, Schedules, Exhibits, Work Orders, and attachments thereto, (collectively the "Agreement"); and

WHEREAS, the Parties now desire to amend the Agreement as set forth below.

NOW, THEREFORE, in consideration of the promises and the mutual provisions herein set forth, and intending to be legally bound, the Parties hereto agree as follows:

1. The party information applicable to Contractor in the preamble of the Agreement is deleted in its entirety and replaced with the following:

    ChampionX LLC, a Delaware limited liability company, with an address at 11177 South Stadium Drive, Sugar Land, Texas 77478.

2. Section 5(F)(i) shall be superseded and replaced in its entirety by the following:

    i.  Contractor warrants and certifies that it has and shall observe and comply with all applicable federal, state and local laws, rules, regulations and standards in its performance hereunder. Contractor warrants that it shall not violate the Pennsylvania Construction Workplace Misclassification Act when subcontracting out any of the services or work to be performed by it under this Agreement. Contractor further warrants and certifies that it has and shall comply with all applicable federal, state, and local employment laws, including but not limited to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family and Medical Leave Act, the Fair Credit Reporting Act, the Occupational Health and Safety Act, the Immigration Reform and Control Act, the Affordable Care Act, and the National Labor Relations Act, all as amended.

3. The prior Section 5(F) <u>Time is of the Essence</u> shall be renumbered as Section 5(G).

4. The following shall be added as Section 5(H) to the Agreement:

    H. <u>Labor Classification, Withholding and Payment</u>. Contractor warrants that it shall ensure through actual practice and certification that the persons and entities engaged to perform work hereunder are properly classified and paid under all applicable federal, state, and local laws and regulations, including those pertaining to overtime. Contractor shall be solely responsible and liable for the following:

    i.  Contractor shall, at its own expense: timely pay all salaries, wages (including overtime premiums, where applicable), benefits and other compensation to the persons and entities performing work under this Agreement; timely provide and pay for statutory and fringe benefits (including but not limited to unemployment compensation insurance and benefits provided for under the Affordable Care Act); and provide proof of same to Company upon request;

    ii.  Contractor shall promptly pay amounts due to its personnel and all subcontractors, materialmen, and other persons and entities it engages to perform work under this Agreement. Should Contractor fail to provide prompt payment, Company may retain out of any payment due to Contractor an amount sufficient to discharge such obligation; and

      iii.  Contractor shall periodically audit its compliance with its obligations under this subsection to ensure that it is at all times in compliance with the applicable requirements of federal, state, and local laws and regulations.

5.    The first paragraph in Section 12 <u>Indemnification</u>, shall be superseded and replaced in its entirety by the following:

    Contractor shall protect, indemnify, hold harmless, and undertake the defense of Company from and against any and all claims, demands, liens, actions, causes of action, suits and recoveries of every kind and description; against all loss, cost and damage, including, without limitation, attorneys' fees and costs, fines, and penalties, and shall accept all loss, cost and damage on account of or arising out of any claim for loss of or damage to property, including property of Company or Contractor, injury to, liability to or death of any person, including an employee of Company or Contractor, caused by the acts or omissions of Contractor, its officers, employees, subcontractors or other agents, including but not limited to failure to comply with federal, state and local laws, ordinances and regulations applicable to work to be performed hereunder and all other applicable local, state and federal laws, ordinances and regulations, and any claim for loss resulting from Contractor's breach of the warranties (excluding the warranties related to goods and services set forth herein) contained herein.  Contractor further agrees to protect, defend, hold harmless and indemnify Company against any loss, damage, injury, suit, fine, penalty, cost, liability and expense (including attorneys' fees and interest) arising out of, or in connection with: i) any and all claims alleging that Company has an employment or joint employment relationship with Contractor or any person or entity Contractor engaged to perform work under this Agreement; and/or (ii) any and all claims relating to the payment of wages, benefits, overtime premiums or other compensation allegedly owed to any person or entity Contractor engaged to perform work under this Agreement.  This provision does not obligate the Contractor to indemnify Company for the gross negligence or breach of duty by Company.  However, in the event liability is shared by the parties to this Agreement, the Contractor shall contribute in the amount of its proportionate share for all actions, claims, liability, damages, losses, expenses or judgments.

6.    Section 16(G) <u>Governing Law and Venue</u>, shall be superseded and replaced in its entirety by the following:

    G.  <u>Governing Law and Venue</u>.  This Agreement and the rights and obligations of the parties hereto are governed by the laws of the Commonwealth of Pennsylvania, as applicable, without regard to principles of conflicts of law.  Except for those actions set forth in Section 16(K), any legal actions brought under this Agreement shall be commenced in a state or federal court of competent jurisdiction in Allegheny County, Pennsylvania.

7.    The following shall be added as Section 16(K) to the Agreement:

    K.  <u>Arbitration</u>.  Any employment wage dispute, controversy or claim arising out of this Agreement, including but not limited to Sections 5(E), 5(H) and 12, shall be settled by mandatory binding arbitration in accordance with this Section.  Any arbitration under this Section shall be conducted by Judicial Arbitration & Mediation Services (JAMS), under the Code of Procedure then in effect, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  The place of arbitration shall be Allegheny County, Pennsylvania.  The arbitrators shall decide legal issues pertaining to the dispute, controversy or claim pursuant to the laws of the Commonwealth of Pennsylvania, without giving effect to the principles of conflicts of law.  Subject to the control of the arbitrators, or as the parties may otherwise mutually agree, the parties shall have the right to conduct reasonable discovery pursuant to the Federal Rules of Civil Procedure.  The arbitrators shall not have the authority to award punitive damages, but shall have authority to award equitable relief.  THE PARTIES UNDERSTAND THAT THEY ARE KNOWINGLY AND WILLINGLY EXPRESSLY WAIVING A RIGHT TO JURY TRIAL CONCERNING ANY EMPLOYMENT MATTERS RELATING TO THIS AGREEMENT.  Contractor shall require all persons and entities engaged to perform work under this Agreement to likewise enter into an Arbitration Agreement consistent with the terms of this Section and, in so doing, agree to resolve all employment claims and disputes arising out of work performed under this Agreement, whether against Contractor, Company or both, in mandatory binding arbitration.  Such Arbitration Agreement shall inure to the benefit of Company as a third-party beneficiary and contain an express class action waiver.  Contractor shall promptly deliver a copy of each such agreement to Company upon request.

8.    Except as expressly revised by this Amendment, all other terms and conditions of the Agreement not inconsistent with this Amendment shall remain in full force and effect.

9. This Amendment is binding upon the Parties hereto and their successors and assigns.

This Amendment may be executed in counterparts, each of which shall be deemed to constitute one copy of the same Amendment and all of which, when taken together, shall be deemed to constitute one and the same agreement. This Amendment may be executed by PDF counterparts or by electronic signature, each of which shall have the same force and effect as the original instrument. Except as specifically and expressly amended in accordance with this Amendment, the Agreement shall remain in full force and effect. Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to such terms in the Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed by their duly authorized representatives, with full knowledge of its contents and with the intent to be legally bound, effective as of the Amendment Effective Date.

**CHAMPIONX LLC f/k/a**
**NALCO COMPANY LLC**

By: _____

Name: William O'Dell Jr.

Title: Senior Vice President

Date: 4/19/2020

**SENECA RESOURCES COMPANY, LLC f/k/a**
**SENECA RESOURCES CORPORATION**

By: _____
    Julianne J. Heins
    *Director, Supply Chain*

Date: 4/20/2020

3